## KING v. BABCOCK & CO. ET AL.

*Appeal from Winneshiek District Court.*

THURSDAY, MARCH 18.

ACTION to foreclose a mortgage. The mortgagor was made a party. The other defendants are judgment creditors of Curren who made default in the action. The lien holders as a defense to the action set up that plaintiff, who is the assignee of the mortgage, purchased it with the money of Curren, and for his benefit; that this act was fraudulent, because done with the intent to aid Curren to defraud his creditors, and that the transaction, for that reason amounted to payment and satisfaction of the mortgage. There was a decree foreclosing the mortgage from which the creditors of Curren, defendants to the action, appealed.

*M. P. Hathaway*, for appellants.

*Levi Bullis*, for appellees.

BECK, J.—The only questions presented upon this appeal are those of fact. It is insisted by appellants that under the evidence, the defense made by them is sustained. We are of a different opinion. While there may be some circumstances which are regarded by the law as badges of fraud, that is, which usually accompany fraudulent transactions, yet these alone have not the force to overthrow the transaction in a court of justice. They are the embarrassment of Curren at the time of plaintiff's purchase of the mortgage; the withholding of the assignment for a long time from record;. the payment of a small part of the consideration for the assignment by a note of Curren; the relationship of the mortgagor and assignee, the plaintiff being Curren's nephew, and two or three other matters of like character. But these, without other evidence, are insufficient to stamp the transaction as fraudulent. They are entirely consistent with the good faith of the transaction; that is, a transaction accompanied by such circumstances may nevertheless be honest. The plaintiff testifies to the absence of all fraudulent designs. His evidence and the presumption in favor of the honesty of the transaction, cannot be overcome by the circumstances attending it above referred to.

AFFIRMED.